Leila Narvid, Bar No. 229402
Alexandra L. Pichette, Bar No. 287212
PAYNE & FEARS LLP
Attorneys at Law
One Post Street, Suite 1000
San Francisco, California 94104
Telephone: (415) 398-7860
Facsimile: (415) 398-7863

Attorneys for Defendant
KOHL'S DEPARTMENT STORES, INC.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**FRESNO DIVISION**

| | |
|---|---|
| JUSTIN SHEPHERD, | Case No. |
| Plaintiff, | (Stanislaus County Superior Court Case No. 2011881) |
| v. | **PETITION AND NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. §§ 1331 AND 1441** |
| KOHL'S DEPARTMENT STORES, INC., and DOES 1 through 100, | |
| Defendant. | |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF, AND HIS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Defendant KOHL'S DEPARTMENT STORES, INC. ("Defendant") hereby removes this action from the Superior Court of the State of California for the County of Stanislaus to the United States District Court for the Eastern District of California. This removal is based on diversity of citizenship, pursuant to 28 U.S.C. sections 1332 and 1441(a) and (b), for the reasons stated below:

1. On or about October 27, 2014, plaintiff Justin Shepherd ("Plaintiff") filed a Complaint in the Superior Court of the State of California for the County of Stanislaus entitled: *"Justin Shepherd v. Kohl's Department Stores, Inc., and DOES 1 through 100,"* designated as

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

1  Case No. 2011881 (the "Complaint").  The Complaint alleges the following four purported causes

2  of action:  (1) violation of California Labor Code section 233; (2) disability discrimination in

3  violation of the Fair Employment & Housing Act ("FEHA"); (3) invasion of privacy; and

4  (4) wrongful termination in violation of public policy.  A copy of the Complaint is attached as

5  Exhibit A to the Declaration of Leila Narvid ("Narvid Decl."), filed with these removal papers.

6       2.       Defendant was served with the Complaint on October 29, 2014.  Defendants Does

7  1 through 100 are unnamed and unknown, and, therefore, to Defendant's knowledge, have not

8  been served with Plaintiff's Summons and Complaint.  Defendant has been served with no other

9  process, pleadings or orders in this action.

10      3.       Defendant filed and served its Answer to the Complaint (the "Answer") on

11  November 26, 2014.  (*See* Narvid Decl. ¶ 3.)  A copy of the Answer is attached as Exhibit B to the

12  Narvid Declaration.

13      4.       In accordance with 28 U.S.C. section 1446(d), Defendant will, promptly after filing

14  this Notice of Removal (the "Notice"), give written notice of the filing of the Notice to Plaintiff

15  and the Clerk of the Stanislaus County Superior Court.  Copies of those notices are attached as

16  Exhibits C and D, respectively, to the Narvid Declaration.  Proof of service of the Notice to

17  Superior Court Clerk of Removal and of the Notice to Adverse Party of Removal will be filed with

18  this Court promptly thereafter.  (*See* Narvid Decl. ¶ 4.)

19              **REMOVAL IS BASED ON DIVERSITY JURISDICTION**

20      5.       The Complaint, and each alleged cause of action contained therein, may be

21  properly removed on the basis of diversity of citizenship jurisdiction, in that it is a civil action

22  between citizens of different states and the matter in controversy exceeds the sum of $75,000,

23  exclusive of interest and costs.  28 U.S.C. § 1332.

24      6.       Defendant is informed and believes, and on that basis alleges, that Plaintiff is now,

25  and was at the time this action was commenced, a citizen of the State of California within the

26  meaning of 28 U.S.C. section 1332(a) because his place of residence and domicile are and were

27  within the State of California.  (*See* Complaint, ¶ 1.)

28  / / /

1    7.    The presence of the Doe defendants has no bearing on diversity with respect to

2  removal.  *See* 28 U.S.C. § 1441(a) ("For the purposes of removal under this Chapter, the

3  citizenship of defendants sued under a fictitious name shall be disregarded.").

4    8.    Kohl's is incorporated in the State of Delaware.  (*See* Declaration of Irma Ochoa,

5  hereinafter "Ochoa Decl.," ¶ 2.)

6    9.    Kohl's has operations throughout the United States and does not perform a

7  "substantial predominance" of operations in any single state.  Therefore, the "nerve center" test

8  should be used to determine its principal place of business.  *See Hertz Corp. v. Friend*, 130 S. Ct.

9  1181, 175 L. Ed. 2d 1029, 1034 (2010); *Montrose Chemical v. American Motorists Ins. Co.*, 117

10  F. 3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the

11  state in which it performs a substantial predominance of its corporate operations and, when no

12  state contains a substantial predominance of the corporation's business activities, then the

13  corporation's principal place of business is the state in which the corporation performs its

14  executive and administrative functions).

15    10.    Kohl's performs the vast majority of its executive and administrative functions at

16  its corporate headquarters located in Menomonee Falls, Wisconsin, where its executives have their

17  offices, including those responsible for nationwide operations of Kohl's stores.  (*See* Ochoa Decl.

18  ¶ 2.)  From these offices Kohl's executives direct, control, and coordinate Kohl's operations,

19  including its California operations.  (*See* Ochoa Decl. ¶ 2.)

20    11.    Accordingly, Kohl's principal place of business is in the State of Wisconsin.  *See*

21  *Hertz Corp.*, 130 S. Ct. at 1034 ("we conclude that the phrase 'principal place of business' refers

22  to the place where the corporation's high level officers direct, control, and coordinate the

23  corporation's activities.")  Therefore, Kohl's is a citizen of the States of Delaware and Wisconsin

24  for purposes of jurisdiction.

25    12.    Plaintiff did not specify in his Complaint the amount of damages he seeks;

26  however, this does not deprive this Court of jurisdiction.  *See White v. J.C. Penney Life Ins. Co.*,

27  861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove a suit to federal court

28  notwithstanding the failure of plaintiff to plead a specific dollar amount in controversy, if the rules

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

PETITION AND NOTICE OF REMOVAL

1  were otherwise, "any plaintiff could avoid removal simply by declining . . . to place a specific

2  dollar value upon its claim.").

3          13.     In determining whether a complaint meets the $75,000 threshold of 28 U.S.C.

4  section 1332(a), a court may consider a monetary settlement demand from a plaintiff to establish

5  the amount in controversy.  *See Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002); *see*

6  *also Rile v. STRS Ohio CA Real Estate Inv. 1, LLC*, No. 09-05634, 2010 U.S. Dist. LEXIS 53806,

7  *5-6 (N.D. Cal. May 3, 2010) ("Plaintiff's  willingness to settle this case for $75,000 is strong

8  evidence that she considers the case to be worth more than this amount.  On this basis alone,

9  Defendant has satisfied the requirements for removal."); *Arellano v. Home Depot U.S.A., Inc.*, 245

10  F. Supp. 2d 1102, 1108 (S.D. Cal. 2003) (defendant satisfied the amount in controversy

11  requirement through evidence of a settlement demand in excess of $75,000).

12          14.     On or about July 2, 2014, Defendant's legal department received via U.S. Certified

13  Mail a settlement demand letter from Plaintiff's counsel Anthony J. Sperber.  In that letter,

14  Mr. Sperber made a settlement demand on behalf of Plaintiff that exceeded $75,000.  Mr. Sperber

15  indicated that the settlement demand represented a compromise position, substantially less than his

16  assessment of Defendant's total exposure and the amount Plaintiff would seek in damages in the

17  event the matter goes to trial.  (*See* Narvid Decl. ¶ 5.)

18          15.     As Plaintiff has demanded a settlement compromise that exceeds $75,000, the

19  amount in controversy exceeds the $75,000 minimum required for federal diversity jurisdiction.

20  Because the parties are also of diverse citizenship, the requirements for removal under 28 U.S.C.

21  sections 1332 and 1441(a) are satisfied.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

1   **THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED**

2          16.     Because this Notice is filed within thirty (30) days of service of the Complaint

3   upon Defendant, it is timely under 28 U.S.C. Section 1446(b).

4          17.     Assignment to the Eastern District, Fresno Division is proper because the state

5   action filed by Plaintiff is pending in the Superior Court of the County of Stanislaus.  28 U.S.C.

6   § 1446(a); Eastern District L.R. 120(d).

7          WHEREFORE, Defendant removes the above-entitled action now pending in the Superior

8   Court of the State of California for the County of Stanislaus to this Court.

9   DATED: December 1, 2014                    PAYNE & FEARS LLP

10

11                                         By:          */s/ Leila Narvid*
12                                                      LEILA NARVID

13                                              Attorneys for Defendant
                                                KOHL'S DEPARTMENT STORES, INC.
14
    4827-7314-7680.1
15

16

17

18

19

20

21

22

23

24

25

26

27

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

PETITION AND NOTICE OF REMOVAL