Leila Narvid, Bar No. 229402
ln@paynefears.com
Alexandra L. Pichette, Bar No. 287212
alp@paynefears.com
PAYNE & FEARS LLP
Attorneys at Law
One Post Street, Suite 1000
San Francisco, California 94104
Telephone: (415) 398-7860
Facsimile: (415) 398-7863

Attorneys for Defendant
KOHL'S DEPARTMENT STORES, INC.

Anthony J. Sperber, Bar No. 197962
anthony@sperberlaw.com
Law Office of Anthony J. Sperber
1808 Sixth Street
Berkeley, CA  94710
Telephone:  (510) 845-8844
Facsimile:  (510) 845-1998

Attorneys for Plaintiff
JUSTIN SHEPHERD

Kurt W. Dreger, Bar No. 283384
kurt@dregerlawoffices.com
Law Office of Kurt W. Dreger
848 Mohawk Drive
Livermore, CA  94551
Telephone:  (925) 605-9261
Facsimile:  (925) 294-8012

Attorneys for Plaintiff
JUSTIN SHEPHERD

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SHEPHERD,<br><br>              Plaintiff,<br><br>        v.<br><br>KOHL'S DEPARTMENT STORES, INC.,<br>and DOES 1 through 100,<br><br>              Defendant. | Case No. 1:14-cv-01901-JAM-BAM<br><br>**Assigned for All Purposes:**<br>**Judge John A. Mendez**<br><br>**JOINT STIPULATION AND**<br>**PROTECTIVE ORDER** |

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

**1.    PURPOSES AND LIMITATION**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.    DEFINITIONS**

2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3    <u>Counsel (without qualifier)</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>:  A Party or Non-Party that designates information or items that it, or any other Party, produces in disclosures or in responses to discovery as "CONFIDENTIAL.'

2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

2.6     <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7     <u>House Counsel</u>:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9     <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10    <u>Party</u>:  any to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g. photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium), and their employees and subcontractors.

2.13    <u>Protected Material</u>:  any Disclosure or Discovery material that is designated as "CONFIDENTIAL."

2.14    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

**3.     SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilation of Protected Material; and (3) any testimony, conversations, or presentations by Parties of their counsel that might reveal Protected material.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

However, the protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming  part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.      DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.      DESIGNATING PROTECTED MATERIAL**

5.1      Type of Material Eligible for Protection.   In general, the parties will designate "confidential" sensitive information such as Plaintiff's medical information and personally identifiable information relating to non-party former employees including but not limited to names, telephone numbers, addresses, and employment information.

5.2      Exercise of Restraint and Care in Designating Material for Protection.  Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualify under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

1    Mass, indiscriminate, or routinized designations are prohibited.  The parties will work

2    together to provide sufficient review time to avoid the need for mass, indiscriminate, or routinized

3    designations.

4    If it comes to a Designating party's attention that information or items that it designated for

5    protection do not qualify for protections, that Designating Party must promptly notify all other

6    Parties that it is withdrawing the mistaken designation.

7    5.3    <u>Manner and Timing of Depositions</u>.  Except as otherwise provided in this

8    Order (see, e.g. second paragraph or section 5.3(a) below), or as otherwise stipulated or ordered,

9    Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so

10   designated before the material is disclosed or produced.

11   Designation in conformity with this Order requires:

12   (a)    <u>for information in documentary form</u> (e.g., paper or electronic

13   documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the

14   Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected

15   material.  If only a portion or portions of the material on a page qualifies for protection, the

16   Producing Party also must clearly identify the protected portion(s) e.g., by making appropriate

17   markings in the margins).

18   A Party or Non-Party that makes original documents or materials available for inspection

19   need not designate them for protection until after the inspecting Party has indicated which material

20   it would like copied and produced.  During the inspection and before the designation, all of the

21   material made available for inspection shall be deemed "CONFIDENTIAL."  After the inspecting

22   Party has identified the documents it wants copied and produced, the Producing Party must

23   determine which documents, or portions thereof, qualify for protection under this Order.  Then,

24   before producing the specified documents, the Producing party must affix the "CONFIDENTIAL"

25   legend to each page that contains Protected material.  If only a portion or portions of the material

26   on a page qualifies for protection, the Producing Party, to the extent practicable, shall identify the

27   protected portion(s) (e.g., by making appropriate markings in the margins).

28   (b)    <u>for testimony given in deposition or in other pretrial or trial</u>

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

1   proceedings, that the Designating Party identify on the record, before the close of the deposition,

2   hearing, or other proceeding, all protected testimony.

3                (c)      for information produced in some form other than documentary and

4   for any other tangible items, that the Producing Party affix in a prominent place on the exterior of

5   the container or containers in which the information or item is stored the legend

6   "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection,

7   the Producing party, to the extent practicable, shall identify the protected portion(s).

8          5.4   Inadvertent Failures to Designate.  If a Producing Party inadvertently fails

9   to designate "CONFIDENTIAL" Information or Items, that failure does not, standing alone, waive

10  the Producing Party's right to secure protection under this Order for such material so long as the

11  Producing Party promptly makes the designation after learning of the oversight.  Upon timely

12  correction of a designation, the Receiving Party must make reasonable efforts to assure that the

13  material is treated in accordance with the provisions of this Order.

14         5.5   Designation by Party other than Producing Party.  A Party, other than a

15  Producing Party, may designate "CONFIDENTIAL" Information or Items by giving written

16  notice to all Parties within 30 (thirty) days of production of the material.  Upon timely designation,

17  the Producing Party and Receiving Party will work in good faith with the Designating Party to

18  ensure the "CONFIDENTIAL" Information or Items receive any necessary legends and are treated

19  in accordance with the provisions of this Order.

20      **6.**      **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

21         6.1   Timing of Challenges.   Any Party or Non-Party may challenge a

22  designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's

23  confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary

24  economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its

25  right to challenge a confidentiality designation by electing not to mount a challenge promptly after

26  the original designation is disclosed.

27         6.2   Meet and Confer.   The Challenging Party shall initiate the dispute

28  resolution process by providing written notice of each designation it is challenging and describing

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has fully engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.  When the Challenging Party considers the meet and confer process exhausted, the Challenging Party must notify the Designating Party in writing.  A Challenging Party who behaves unreasonably in the meet and confer process or who fails to fully comply with its meet and confer obligations may be subject to sanction.

6.3   <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 251 (and in compliance with Civil Local Rule 141, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is later.  Each such motion must be accompanied by a competent declaration affirming that the Designating Party has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion, including the required declaration, within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation.  Concurrently with the motion, each Party shall set forth their differences and the bases therefor in a Joint Statement regarding the Discovery Disagreement.

In addition, the Challenging Party may file a motion challenging a confidentiality designation if there is good cause for doing so, including a challenge to the designation of a

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

-7-

deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the Challenging Party has fully complied with the meet and confer requirements imposed in Section 6.2.

The burden of persuasion in any such challenge proceeding shall be on the Designating party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with the case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A;**

(b)     the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     the court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

/ / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the designating Party's permission.  The Designating Party shall bear the burden and expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)      In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the non-Party's confidential information, then the Party shall:

1.      promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.      promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.      make the information requested available for inspection by the Non-Party.

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

1     (c)     If the Non-Party fails to object or seek a protective from this court

2  within 14 days of receiving the notice and accompanying information, the Receiving Party may

3  produce the Non-Party's confidential information responsive to the discovery request.  If the Non-

4  Party timely seeks a protective order, the Receiving Party shall not produce any information in its

5  possession or control that is subject to the confidentiality agreement with the Non-Party before a

6  determination by the court.[1]  Absent a court order to the contrary, the Non-Party shall bear the

7  burden and expense of seeking protection in this court of its Protected Material.

8     **10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

9     If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

10  material to any person or in any circumstance not authorized under this Stipulated Protective

11  Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the

12  unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected

13  Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

14  terms of this Order, and (d) request such person or persons to execute the "Acknowledgement and

15  Agreement to Be Bound" that is attached hereto as Exhibit A.

16     **11.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

17          **PROTECTED MATERIAL**

18     When a Producing Party gives notice to Receiving Parties that certain inadvertently

19  produced material is subject to a claim of privilege or other protection, the obligations of the

20  Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).   This

21  provision is not intended to modify whatever procedure may be established in an e-discovery order

22  that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence

23  502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a

24  communication or information covered by the attorney-client privilege or work product protection,

25  _____

26     [1] The purpose of this provision is to alert the interested parties to the existence of
confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its
27  confidentiality

28

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12.    MISCELLANEOUS**

12.1    <u>Right to Further Relief</u>.   Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections</u>.   By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Protective Order.

12.3    <u>Filing Protected Material</u>.  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rules 141 and 141.1.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**13.    FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party, destroy such material, or put such material in a sealed envelope marked "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER."   As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned, sealed or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned, sealed or destroyed and (2) affirms

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

1   that the Receiving Party has not retained any unsealed copies, abstracts, compilations, summaries

2   or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this

3   provision, Counsel are entitled to retain an unsealed archival copy of all pleadings, motion papers,

4   trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial

5   exhibits, expert reports, attorney work product, and consultant and expert work product, even if

6   such materials contain Protected Material.  Any such archival copies that contain or constitute

7   Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

8          IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:

9   DATED: April 8, 2015                PAYNE & FEARS LLP

10

11                                      By:  _____/s/ Leila Narvid_____

12                                              LEILA NARVID

13                                      Attorneys for Defendant
                                        KOHL'S DEPARTMENT STORES, INC.
14

15  DATED: April 8, 2015                LAW OFFICE OF ANTHONY J. SPERBER

16

17                                      By:  _____/s/ Anthony Sperber_____

18                                              ANTHONY J. SPERBER

19                                      Attorneys for Plaintiff
                                        JUSTIN SHEPHERD
20

21  DATED: April 8, 2015                LAW OFFICE OF KURT W. DREGER

22

23                                      By:  _____/s/ Kurt Dreger_____

24                                              KURT W. DREGER

25                                      Attorneys for Plaintiff
                                        JUSTIN SHEPHERD
26

27  / / /

28  / / /

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

**ATTESTATION OF E-FILED SIGNATURE**

I, Leila Narvid, am the ECF User whose ID and password are being used to file this Joint Stipulation and [Proposed] Protective Order.  I hereby attest that Kurt W. Dreger, Esq. and Anthony J. Sperber, Esq. have read and approved this Joint Stipulation and [Proposed] Protective Order and consent to its filing in this action.

DATED: April 8, 2015                         PAYNE & FEARS LLP


                                             By: _____
                                                          */s/ Leila Narvid*
                                                      LEILA NARVID

                                             Attorneys for Defendant
                                             KOHL'S DEPARTMENT STORES, INC.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**


DATED: April 8,  2015


                                             /s/ John A. Mendez_____
                                             Hon. John A. Mendez
                                             United States District Court Judge

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860

JOINT STIPULATION AND [PROPOSED] PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I

have read in its entirety and understand the Stipulated Protective Order that was issued by the

United States District Court for the Eastern District of California on [date] in the case of *Justin*

*Shepherd v. Kohl's Department Stores, Inc.*, Case No. 1:14-cv-01901-JAM-BAM.  I agree to

comply with and to be bound by all the terms of this Stipulated Protective Order and I understand

and acknowledge that failure to so comply could expose me to sanctions and punishment in the

nature of contempt.  I solemnly promise that I will not disclose in any manner any information or

item that is subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number] as my

California agent for service of process in connection with this action or any proceedings related to

enforcement of this Stipulated Protective Order.


Date: _____

City and State sworn and signed: _____

Printed name: _____

Signature: _____

PAYNE & FEARS LLP
ATTORNEYS AT LAW
ONE POST STREET, SUITE 1000
SAN FRANCISCO, CALIFORNIA 94104
(415) 398-7860