UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN SHEPHERD,<br><br>              Plaintiff,<br><br>      v.<br><br>KOHL'S DEPARTMENT STORES, INC. and DOES 1 through 100,<br><br>              Defendants. | No. 1:14-cv-01901-DAD-BAM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND |

This action essentially alleges claims of wrongful termination of employment by defendant Kohl's[1] of plaintiff following a positive drug test for marijuana. Plaintiff moves for leave to file a second amended complaint to add a claim of defamation per se under California law.[2] Defendant opposes this motion for three reasons: 1) because there was no publication of any of the allegedly defamatory statements by either plaintiff or defendant, and no damages will be provable, any claim of defamation would necessarily fail and so an amendment would be

---

[1] Plaintiff's first amended complaint, which is the operative pleading at this stage of the litigation, suggests the existence of up to one hundred potential Doe defendants. Since this proposed amendment does not seek to add any named defendants and only one defendant has so far been named, the court will refer to Kohl's as the singular defendant in this action at this point.

[2] The parties have stipulated that plaintiff may file a second amended complaint adding a claim of breach of an implied contract and the covenant of good faith and fair dealing. Since the opposing party has given written consent, this amendment is permitted and will not be addressed further herein. *See* Fed. R. Civ. P. 15(a)(2).

1

futile; 2) an amendment at this point would create undue delay, as plaintiff was aware of the allegedly defamatory statements at the onset of the litigation; and 3) permitting the amendment would prejudice defendant because the discovery cutoff has already passed and the defendant has not had the opportunity to conduct necessary discovery concerning this claim.

## LEGAL STANDARD

Under Rule 15 of the Federal Rules of Civil Procedure, once an answer has been filed, a party may amend a pleading only with leave of court or after obtaining the written consent of the adverse party. *See* Fed. R. Civ. P. 15(a). A court should grant leave to amend freely when justice so requires. *Id.* The Supreme Court has instructed lower courts to heed carefully the command of Rule 15. *See Foman v. Davis*, 371 U.S. 178, 182 (1962). "[R]ule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (citations and quotations omitted). As the Supreme Court has articulated:

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowing the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman*, 371 U.S. at 182. *See also Bowles v. Reade*, 198 F.3d 752, 757–58 (9th Cir. 1999). "Not all of the factors merit equal weight. As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Id.*

## ANALYSIS

*1.    Leave to Amend is Not Futile*

Defendant's most substantive opposition to the granting of the requested relief is that leave to amend here is futile because any defamation claim plaintiff could allege must fail as a matter of law because plaintiff cannot show publication, a necessary element of a defamation

2

cause of action under California law.  Plaintiff replies that the statements in question were published because "internal corporate communications are sufficient" to meet the definition of publication, citing *Duste v. Chevron Products Co.*, 738 F. Supp. 2d 1027 (N.D. Cal. 2010) and *Kelly v. General Telephone Co.*, 136 Cal. App. 3d 278 (1982), and other decisions.  (Doc. No. 40 at 3–4.)  Essentially, plaintiff alleges the statements were published by the fact that two of defendant's employees (his manager and a human resources representative) produced and shared the paperwork resulting in his discharge, and filed the paperwork in his personnel file at their office.  Defense counsel reasserted at the hearing held on April 19, 2016 that she believed a statement could not be considered "published" when shared with only management personnel in an organization.  Further, counsel noted defendant would be immune in such a situation, presumably in reference to California Civil Code § 47(c), as also referenced in defendant's opposition.  (Doc. No. 39 at 12.)

Leave to amend is properly denied if the amendment would be futile or the amended complaint would be subject to dismissal.  *Saul v. United States*, 928 F. 2d 829, 843 (9th Cir. 1991).  "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

A claim for defamation in California has five elements:  1) a publication, 2) which is false, 3) defamatory, 4) and unprivileged, and that 5) "has a natural tendency to injure or that causes special damage." *Taus v. Loftus*, 40 Cal. 4th 683, 720 (2007).  Publication typically refers to a "communication to some third person who understands the defamatory meaning of the statement."  *Dible v. Haight Ashbury Free Clinics*, 170 Cal. App. 4th 843, 854 (2009).

Most of defendant's opposition focuses on an anticipated argument that defendant was forced to self-publish the defamation and did not do so.  While a defamation plaintiff may not generally publish the statement themselves and then claim defamation, there are certain narrow exceptions to that rule.  *See McKinney v. Cty. of Santa Clara*, 110 Cal. App. 3d 787, 796 (1980).  In *McKinney*, the California Court of Appeals noted an exception to the rule regarding self-publication "where the originator of the defamatory statement has reason to believe that the

person defamed will be under a strong compulsion to disclose the contents of the defamatory statement to a third person after he has read it or been informed of its contents." 110 Cal. App. 3d at 796. Particularly, in the employer-employee context, California courts have applied the *McKinney* exception, "wherein a job seeker must tell a prospective employer what is in his personnel file in order to explain away a negative job reference." *Live Oak Publ'g Co. v. Cohagan*, 234 Cal. App. 3d 1277, 1287 (1991).

Plaintiff, however, does not allege self-publication. Rather, he cites the decision in *Duste*, which featured a former sales manager who was terminated following the improper supervision of several subordinates' use of an expense account, to establish that agents of the same principal may publish defamatory statements to each other. The court in that case stated, in California, "internal corporate statements about an employee may be considered 'published' for purposes of a slander claim." *Duste*, 738 F. Supp. 2d at 1042. This proposition relies on the decisions in two California cases, *Kelly v. General Telephone Co.* and *Agarwal v. Johnson*. In *Kelly*, the California Court of Appeal said, "[t]hat publication may involve internal corporate statements was recognized in *Agarwal v. Johnson* [citation omitted], the court stating that internal company statements regarding the plaintiff's 'lack of job knowledge and cooperation' were 'published.'" 136 Cal. App. at 284. The full text of the relevant quoted section from the California Supreme Court's decision in *Agarwal* states only as follows:

> Johnson, French and McKee first contend that as to the cause of action for defamation, the evidence was insufficient to indicate that the statements concerning Agarwal's "lack of job knowledge and cooperation" were malicious. The trial court limited the defamation cause of action to this statement and also properly instructed the jury on qualified privilege, as this statement was published only within the McKee organization and to the immigration officer.

25 Cal. 3d 932, 944 (1979). The court then proceeded to discuss the jury's determination of malice in relation to Civil Code § 47(c). *Id.* at 944–45. Any implied holding in *Agarwal* concerning the "publication" of defamatory statements between co-workers at a company would appear to be dicta, since publication was not an issue in dispute in the case.

The issue of whether managerial-level staff who would regularly be involved in personnel decisions can "publish" statements to each other sufficient to state a claim for defamation has not

4

been conclusively decided by the California Supreme Court. Therefore, this court must attempt to ascertain what that court would likely find state defamation law to be. *Astaire v. Best Film & Video Corp.*, 116 F.3d 1297, 1300 (9th Cir. 1997). "For purposes of the law of defamation, publication does not require dissemination to a substantial number of individuals; it suffices that the defamatory matter is communicated to a *single individual* other than the one defamed." *Lundquist v. Reusser*, 7 Cal. 4th 1193, 1203 (1994) (*en banc*) (emphasis added). In announcing this, the California Supreme Court relied on the Restatement of the Law of Torts § 577, comment b. This section of the Restatement elsewhere notes: "The communication within the scope of his employment by one agent to another agent of the same principal is a publication not only by the first agent but also by the principal and this is true whether the principal is an individual, a partnership or a corporation." Restatement (Second) of Torts § 577 cmt. i.[3] In light of these authorities, publication of defamatory material between two employees of the same employer is sufficient to state a cause of action for defamation under California law.

The SAC alleges defendant composed two separate letters asserting plaintiff had violated Kohl's alcohol and substance abuse policy by being intoxicated at work, both dated January 24, 2014. (Doc. No. 30 at ¶ 86.) "These two documents were both placed in plaintiff's personnel file, where they remain today," the complaint alleges. (Doc. No. 30 at ¶ 87.) "Because he was fired for the reasons stated, and the defamatory publications remain in plaintiff's personnel file, the statements will continue to be published by defendants and foreseeably republished by their recipients, all to the ongoing harm and injury to plaintiff's business, professional, and personal reputations."[4] (Doc. No. 30 at ¶ 91.) In his reply, plaintiff explains he is alleging not simply that the existence of these documents is the requisite "publication," but that the letter was published by Irma Ochoa, a human resources representative for defendant, to defendant Kohl's, and then to "everyone at Kohl's who later read the document, including but not limited to Mr. Barrera

---

[3] The California Supreme Court has cited to § 577 of the Second Restatement of Torts on two other occasions, albeit not to comment (i). *See e.g.*, *Shively v. Bozanich*, 31 Cal. 4th 1230, 1242 (2003); *Brown v. Kelly Broad. Co.*, 48 Cal. 3d 711, 713 n.6 (1989).

[4] The court notes that plaintiff is not seeking injunctive or equitable relief in his SAC.

1  [Maurice Barrera, an operations manager for defendant]." (Doc. No. 40 at 4.)  While the simple
2  existence of these documents would be insufficient on its own to allege publication, the allegation
3  that these documents were composed by one agent of defendant and shown to another agent is
4  sufficient to state a plausible claim for defamation.  The proposed amendment is therefore not
5  futile.
6       Given defense counsel's assertion at the hearing that these types of communications are
7  immune from defamation claims, as well as the invocation of the code section in the opposition
8  papers, it seems defendant may also be arguing that amendment is futile because it can claim
9  immunity under California Civil Code § 47(c).  This is an argument that is conceptually distinct
10 from the ability to plead the element of publication.  Plaintiff notes in reply that Civil Code
11 § 47(c) is inapplicable because he alleges malice, as evidenced by Ochoa's admission that "she
12 had no knowledge whatsoever that Mr. Shepherd was under the influence of marijuana on the day
13 he was injured." (Doc. No. 40 at 5.)
14      California Civil Code § 47(c), commonly dubbed the "common interest" privilege, states:

> In a communication, *without malice*, to a person interested therein, (1) by one who is also interested, or (2) by one who stands in such a relation to the person interested as to afford a reasonable ground for supposing the motive for the communication to be innocent, or (3) who is requested by the person interested to give the information.

18 The California Supreme Court has noted this privilege "has proved to be a source of vexation and
19 bafflement to courts and commentators alike." *Lundquist v. Reusser*, 7 Cal. 4th 1193, 1203 n.10
20 (1994) (*en banc*).  For the sake of this motion, the court assumes this privilege applies to
21 publications between colleagues responsible for making personnel decisions for their employer,
22 which plaintiff does not here dispute.  However, plaintiff alleges the defamatory statements were
23 made with malice, removing the publications from the protection of the statute.  Malice in this
24 statute is defined as "a state of mind arising from hatred or ill will, evidencing a willingness to
25 vex, annoy or injure another person." *Id*. at 1203–04 (internal quotations and citations omitted).
26 Plaintiff's claim is that Ochoa's admission that she lacked any knowledge of whether plaintiff
27 was intoxicated at work is sufficient to establish malice.  Assuming the truth of the factual
28 allegations and drawing inferences in favor of plaintiff, as is proper at this stage, the court

concludes a jury could find the allegedly defamatory statements to have been made with malice.

Defendant also protests that leave to amend is futile because plaintiff cannot identify any damages for this defamation, since plaintiff admitted at his deposition that he is currently employed with the only employer he interviewed with after Kohl's.  (Doc. No. 39 at 14.)  Plaintiff responds that an action for defamation per se does not require proof of damages.  (Doc. No. 40 at 6.)  California courts have noted that, "in an action for damages based on language defamatory per se, damage to plaintiff's reputation is conclusively presumed and he need not introduce any evidence of actual damages in order to obtain or sustain an award of damages."  *Contento v. Mitchell*, 28 Cal. App. 3d 356, 358 (1972); *see also Di Giorgio Fruit Corp. v. Am. Fed'n of Labor & Cong. of Indus. Orgs.*, 215 Cal. App. 2d 560,  577 (1963).  "A libel which is defamatory of the plaintiff without the necessity of explanatory matter, such as an inducement, innuendo or other extrinsic fact, is said to be a libel on its face."  Cal. Civ. Code § 45a.  "The test is whether a defamatory meaning appears from the language itself without the necessity of explanation or the pleading of extrinsic facts," regardless of whether "it may also be susceptible of an innocent interpretation."  *MacLeod v. Tribune Pub. Co.*, 52 Cal. 2d 536, 549 (1959) (*en banc*).

Here, the court concludes that a document which states plaintiff was discharged from employment for being intoxicated while at work, if shown to be false and unprivileged, could plausibly constitute defamation per se, as no extrinsic facts need be alleged to understand the purportedly defamatory nature of the publication.  Because of this, plaintiff need not prove damages, and this amendment is not futile on such grounds.

  2. *Plaintiff Did Not Unduly Delay Seeking Amendment and Defendant is Not Prejudiced by the Delay*

Defendant asserts plaintiff unduly delayed in seeking to amend his complaint because he "presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally."  (Doc. No. 39 at 15 (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).)  Further, according to defendant, it will be prejudiced if plaintiff is allowed to add the defamation claim, because the discovery cutoff has passed.  If the court grants the motion for leave to amend, defendant requests the court amend the

scheduling order, extending its ability to propound written discovery on the defamation cause of action until May 20, 2016 and extending the filing deadline for dispositive motions from May 4, 2016 to June 6, 2016.  Plaintiff responds that, while he was previously aware the statements were false, it was not until Ochoa and Barrera admitted during depositions that they had no factual support for concluding plaintiff was intoxicated while at work plaintiff became aware of a plausible claim that defendant acted with malice, thereby removing the privilege of Civil Code § 47(c).  Plaintiff notes he does not oppose any scheduling modifications defendant seeks regarding the defamation claim.

Despite the liberality of the standard for granting leave to amend, the Ninth Circuit has "noted that late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986).  A district court does not abuse its discretion if it denies leave to amend "when the movant presented no new facts but only new theories and provided no satisfactory explanation for his failure to fully develop his contentions originally." *Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).  Ultimately, however, plaintiffs in California have the burden of proving malice and thereby removing an allegedly defamatory statement from the common interest privilege of Civil Code § 47(c).  *Lundquist v. Reusser*, 7 Cal. 4th 1193, 1196–97 (1994) (*en banc*).

Though the court observes plaintiff's first amended complaint alleges defendant acted with malice in a number of ways, *see* Doc. No. 22-3 at ¶¶ 33, 44, 54, 65, 67, it contains no allegations pertinent to defamation and therefore does not allege defendants were malicious in placing these letters into plaintiff's personnel file or sharing them between each other.  There is little evidence of any prejudice to defendant by allowing this amendment, and none if the amended schedule is granted.  *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  As such and despite concerns that the depositions of Ochoa and Barrera should have been taken earlier in discovery, the court will grant plaintiff's motion for leave to amend, and grant defendant's request to amend the schedule.

For the reasons set forth above:

1. Plaintiff's motion for leave to amend is granted, and the second amended complaint is deemed filed and served as of the date of this order;

2. The prior scheduling order (Doc. No. 15) is amended as follows:

    a. Defendant shall have until **May 20, 2016** to propound additional written discovery limited solely to plaintiff's defamation cause of action (prior discovery cutoff was March 25, 2016);

    b. The deadline to file dispositive motions is continued to **June 6, 2016**, from May 4, 2016, as requested by parties;

    c. The hearing date for dispositive motions is continued to **July 5, 2016**, from June 1, 2016;

    d. The final pretrial conference is continued to **August 29, 2016** at 1:30 P.M., from July 8, 2016;[5]

    e. The jury trial date is continued to **October 25, 2016** at 8:30 A.M., from August 15, 2016.

IT IS SO ORDERED.

Dated:  **April 25, 2016**             _/s/ Dale A. Drozd_
                                                    UNITED STATES DISTRICT JUDGE

---

[5] The court observes that the parties conducted a settlement conference previously on July 22, 2015 before U.S. Magistrate Judge Barbara A. McAuliffe. Because that settlement conference was ultimately unsuccessful, the court will arrange another settlement conference only if advised that both counsel believe a further settlement conference may be fruitful.